UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

APR 5 2013

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN RE: GOOGLE INC. COOKIE PLACEMENT
CONSUMER PRIVACY LITIGATION

| | |
|---|---|
| Daniel Mazzone, et al. v. Vibrant Media, Inc., E.D. New York, C.A. No. 1:12-02672 ) ) | |
| Michael Frohberg, et al. v. Media Innovation Group, LLC, et al., E.D. New York, C.A. No. 1:12-02674 ) ) | MDL No. 2358 |

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in two Eastern District of New York actions move to vacate our order that conditionally transferred the actions to MDL No. 2358. Defendants to the actions[1] and MDL plaintiffs oppose the motion to vacate.

Plaintiffs in the two cases before us allege that defendants overcame certain Internet users' Safari browser privacy protections to set tracking and other cookies. Plaintiffs' arguments against transfer primarily rest on their assertion that the claims against defendants Vibrant, WPP and MIG were improperly added to the MDL consolidated amended complaint and that their claims, by virtue of having been asserted earlier, should be allowed to proceed. We disagree that these considerations merit exclusion of the actions from the MDL at this time but note that the transferee judge is best positioned to determine, after considering all arguments of the parties, whether and how the claims against Vibrant, MIG and WPP should progress in the MDL proceedings.

We are typically not inclined to centralize litigation involving allegations of parallel similar conduct by competing defendants. *See generally In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F.Supp.2d 1377 (J.P.M.L. 2012) ("Though the Panel has in the past centralized litigation involving market-wide conduct, we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products.") (citations omitted). However, the current circumstances involve not the creation of a new MDL docket, but transfer of two actions to an existing MDL. Plaintiffs in the MDL recently filed a consolidated amended complaint naming Vibrant, MIG and WPP. We need not opine about whether the MDL plaintiffs have properly alleged their new claims against the Eastern District of New York defendants – that is an issue that rests soundly within the discretion of the transferee judge. Instead, we note that these actions share sufficient common factual questions to justify their inclusion in MDL No. 2358, as currently constituted. In

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Media Innovation Group, LLC (MIG); WPP PLC (WPP); and Vibrant Media Inc. (Vibrant).

-2-

addition to the questions regarding the claims against the three Eastern District of New York defendants, the actions can be expected to share background questions of fact regarding, *inter alia*, the operation of the Safari browser and the efforts that led to the discovery of defendants' alleged circumvention of users' browser privacy settings.

Transfer under Section 1407 carries the benefit of placing all related actions before a single judge who can: (1) allow discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. However, if the transferee judge ultimately decides that the scope of the MDL should not include actions or claims against Vibrant, WPP and MIG, then she can suggest Section 1407 remand of such actions or claims. *See* Panel Rule 10.1(b).

Thus, after considering all argument of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 2358, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization in which we held that the District of Delaware was an appropriate Section 1407 forum for actions involving the alleged improper placement of tracking cookies on Safari or Internet Explorer web browsers. *In re: Google Inc. Cookie Placement Cons. Priv. Litig.*, 867 F.Supp. 2d 1356 (J.P.M.L. 2012). These actions contain claims substantially similar to those currently alleged by MDL plaintiffs and involve common questions of fact involving defendants implicated in the alleged improper placement of tracking cookies on Safari web browsers.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Sue L. Robinson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Paul J. Barbadoro
Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan

CERTIFIED: 4/3/13
AS A TRUE COPY:
ATTEST:
JOHN A. CERINO, CLERK
BY _____
Deputy Clerk